UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STACY PALMA, individually,

　　　Plaintiff,

v.

CREDENCE RESOURCE MANAGEMENT,
LLC,

　　　Defendant.

_____/

## **COMPLAINT**

Plaintiff STACY PALMA ("Plaintiff"), by and through undersigned counsel, seeks redress

for the illegal practices of Defendant CREDENCE RESOURCE MANAGEMENT, LLC

("Defendant"), to wit, for Defendant's violations the Fair Debt Collection Practices Act, 15 U.S.C

§1692 (the "FDCPA"), and in support thereof, Plaintiff states the following:

## **INTRODUCTION**

1.　　　As set forth in more detail below, Defendant violated both 15 U.S.C. §§ 1692e(2)

and 1692f(1) in attempting to collect a consumer debt from Plaintiff on two occasions, whereby

each occasion involved a separate and independent consumer debt. In short, Defendant violated

two provisions of the FDCPA, with respect to two separate consumer debt, by using the same

unfair and/or deceptive practices, and false and/or misleading statements, to impose a mandatory

$5.00 "convenience fee" on online all credit/debit card payments. Defendant does not have any

contractual authority to impose this fee, nor is such a fee expressly permitted by statute. Therefore,

the $5.00 fee is unlawful as being expressly prohibited by the plain language of the FDCPA.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k.

3.    Venue in this District is proper because Plaintiff resides in this District and Defendant does business in this District.

## PARTIES

4.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.    Upon information and belief, Defendant is a Nevada limited-liability company, with its principal place of business located in Dallas, Texas.

6.    Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7.    At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

8.    The two debts at issue (the "Consumer Debts") are financial obligations which Plaintiff incurred primarily for personal, family, or household purposes, and are therefore "debts" governed by the FDCPA.[1]

9.    Plaintiff is a "consumer" within the meaning of the FDCPA.[2]

---

[1] *See*, U.S.C §1692a(5) ("[t]he term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment").

[2] *See*, 15 U.S.C §1692a(3) ("The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt").

10.     Defendant is a for-profit consumer debt collection company and is registered as such within the State of Florida. *See*, Florida Office of Financial Regulation, License Search Results, attached hereto as Exhibit "A."

11.     Defendant is a "debt collector" as defined by the FDCPA.[3]

12.     Upon information and belief, on a date better known by Defendant, Defendant began separate attempts to collect the Consumer Debts from Plaintiff.

13.     On or about January 1, 2016, Defendant sent a collection letter to Plaintiff seeking payment on one of the two Consumer Debts (individually, the "Hoffman Debt"). In said letter, Defendant stated, in part:

> *Our client, Pendrick Capital Partners II LLC, has purchased your account from HOFFMAN PARK EMERGENCY PHYS LL and has assigned it to Credence Resource Management LLC.*
>
> *Your account is now delinquent and due in full [$1,570]. We wish to resolve this matter amicably, therefore please send your payment for the above amount to the address below or contact us at the toll free number 855-703-2290.*
>
> *We also offer the convenience of paying online via credit card or debt card at www.credencerm.com*

*See*, Hoffman Collection Letter, attached hereto as Exhibit "B." (italics added).

14.     On or about February 1, 2016, Defendant sent a collection letter to Plaintiff seeking payment on the second of the two Consumer Debts (individually, the "Marshland Debt"). In said letter, Defendant stated, in part:

> *Our client, Pendrick Capital Partners II LLC, has purchased your account from MARSHLAND EMERGENCY PHYS LLC and has assigned it to Credence Resource Management LLC.*

---

[3] *See*, 15 U.S.C §1692a(6) ("[t]he term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").

> *Your account is now delinquent and due in full [$2,355]. We wish to resolve this matter amicably, therefore please send your payment for the above amount to the address below or contact us at the toll free number 855-703-2290.*
>
> *We also offer the convenience of paying online via credit card or debt card at www.credencerm.com*

*See*, Marshland Collection Letter, attached hereto as Exhibit "C." (italics added).

15. Payments made by credit card and/or debt card via Plaintiff's website (www.credencerm.com) are assessed a mandatory $5.00 "convenience fee." *See*, Screenshots of Plaintiff's Website, attached hereto as Exhibit "D."

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Plaintiff incorporates each and every paragraph of this complaint as if fully set forth herein and further alleges:

17. The $5.00 "convenience fee" imposed by Defendant is a violation of 15 U.S.C. §§1692e(2) and 1692f(1) because Defendant falsely represented and/or mislead Plaintiff to believe that Defendant was entitled and/or permitted to collect/charge a "convenience fee" for online credit/debit card payments, and by collecting an amount that was not authorized or permitted by contract or statute.[4] *See*, Quinteros v. MBI Associates, Inc., 999 F. Supp. 2d 434 (E.D.N.Y. 2014).

18. In light of the preceding, the imposition of a mandatory $5.00 "convenience fee" on credit/debit card payments made via Defendant's website, for both the Hoffman Debt and Marshland Debt, is unlawful because Defendant does not have the authority to impose such a fee, and absent such authority, the $5.00 "convenience fee" is expressly prohibited the FDCPA.

---

[4] *See*, 15 U.S.C. 1692e(2) ("the following conduct is a violation of this section… [t]he false representation of: (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt"); 15 U.S.C. 1692f ("[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section… [§§](1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law").

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against

Defendant awarding Plaintiff the following relief:

(a)     Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Hoffman Debt from Plaintiff;

(b)     Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Marshland Debt from Plaintiff;

(c)     Attorneys' fees and costs incurred in bringing this action as provided under 15 U.S.C. §1692k; and

(d)     Any other relief that this Court deems appropriate and just under the circumstances.

DATED: March 16, 2016

Respectfully Submitted,

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:     877-575-0010
Fax:         954-507-9975

AND

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         844-542-7235

*COUNSEL FOR PLAINTIFF*